IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDWARD RONNY ARNOLD,          )<br>    Plaintiff,          )<br>          )<br>v.          )<br>          )<br>BOB OGLESBY,          )<br>Commissioner of The Tennessee          )<br>Department of General Services,          )<br>    Defendant.          ) | Civil No.: 3:20-cv-1069<br>Judge Campbell / Frensley |

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION AND BACKGROUND

Plaintiff Edward Ronny Arnold filed this pro se action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that Defendant Bob Oglesby, Commissioner of the Tennessee Department of General Services, violated The Worker Adjustment and Retraining and Notification Act (the "WARN Act") when he denied Plaintiff pay for November 26, 2015 (Thanksgiving) and November 27, 2015 (State-modified Columbus Day). Docket No. 1, pp. 3, 6-7. Plaintiff alleges that Defendant refuses to pay earned wages for the federal and state holiday of Thanksgiving and the federal and state modified holiday of Columbus Day by circumventing the last date of employment stated on a written WARN notice (November 25, 2015) with the date of a clerk's entry for a verbal notice for Administrative Leave with Pay (November 24, 2015). *Id*. at 4. Plaintiff argues that, because his last day of work was actually November 25 and not November 24, he was due pay for those two federal and state holidays. *Id*. The two days of wages amount to $360.00 minus withholdings. *Id*. at 7. Plaintiff is seeking relief of the earned wages for Thanksgiving and Columbus Day of 2015 and filing fees. *Id.* at 4.

Pending before the Court is a Motion to Dismiss, filed by Defendant. Docket No. 5. Along with his Motion, Defendant has filed a supporting Memorandum of Law. Docket No. 6. Defendant argues that: (1) Defendant is immune from suit under the Eleventh Amendment of the United States Constitution; (2) Plaintiff's claim is barred by the doctrines of issue and claim preclusion; and (3) Plaintiff fails to state a claim upon which relief can be granted. Docket No. 5, p. 1; Docket No. 6, pp. 2-5.

Plaintiff filed a response to Defendant's Motion to Dismiss. Docket No. 9. With permission of the Court (Docket No. 11) the Plaintiff filed another response to the Defendant's Motion to Dismiss. Docket No. 12. The second response is virtually identical to the first one. Defendant thereafter filed a reply advancing the same arguments advanced in the first reply. Docket No. 13. Plaintiff argues that: (1) Defendant is not being served personally in this case; (2) Claim preclusion does not apply because the use of the court's discretion to not address basic aspects of law leaves many positions of the Defendant accepted without question; and (3) Plaintiff has not failed to state a claim because the declaratory and injunctive relief sought is authorized by U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1983, and Rule 57 of the Federal Rules of Civil Procedure. *Id.* at 11-15.

Defendant filed a Reply to Plaintiff's Response. Docket No. 10. Defendant argues that: (1) Plaintiff failed to refute, or even address, Defendant's claim of Eleventh Amendment Immunity from a suit under the WARN Act; (2) while Plaintiff refers to the assertion of claim preclusion as a "misconception," he fails to refute it and actually supports Defendant's argument of claim preclusion by noting that a previous trial court ruled that Plaintiff is not entitled to the relief he seeks; and (3) Plaintiff's pleadings and attachments show that he never actually received a WARN notice. *Id*. at 1-2.

For the reasons discussed below, the undersigned finds that Plaintiff's claims are barred by

the doctrines of sovereign immunity as well as claim and issue preclusion. The undersigned therefore recommends that Defendant's Motion to Dismiss (Docket No. 5) be **GRANTED** and Plaintiff's Complaint be **DISMISSED**.

## II. LAW AND ANALYSIS

### A. Eleventh Amendment Immunity

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The Supreme Court has construed the Eleventh Amendment and/or the related concept of sovereign immunity to also bar actions by citizens alleging violations of federal law against their own states in federal or state court. *See Alden v. Maine*, 527 U.S. 706, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996); *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890). The Supreme Court has also held that sovereign immunity bars citizen suits against states in federal court for violations of state law. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). Moreover, the Court has recognized that the "sovereign immunity" of the States is a concept "inherent" in the Constitution and that it is not limited by the language of the Eleventh Amendment. *See Alden*, 527 U.S. at 728-29.

There are two main exceptions to sovereign immunity. First, Congress can abrogate a state's sovereign immunity by passing appropriate legislation pursuant to Section 5 of the Fourteenth Amendment. *See Hoffman v. Connecticut Dep't of Income Maintenance*, 492 U.S. 96,

3

101, 109 S. Ct. 2818, 106 L. Ed. 2d 76 (1989). Second, a state may waive its immunity from suit. *See Pennhurst*, 465 U.S. at 99-100. Federal courts cannot assume that a state has waived its sovereign immunity unless the state has explicitly done so, or there are "such overwhelming implications from the text [of a statute] as [to] leave room no room for any other reasonable construction." *Edelman*, 415 U.S. at 673. *See also, Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002). A state's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in federal courts. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 306 (1990). A state's intent to waive Eleventh Amendment immunity "must specify the State's intention to subject itself to suit in *federal court*." *Id*. (emphasis in original).

Further, suits against officials of a state agency in their official capacity are also barred under the Eleventh Amendment because such suits are determined to be against the state rather than the individual. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Sixth Circuit has held that Eleventh Amendment immunity bars official-capacity suits for monetary damages against state officials. *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010).

**B.     Doctrines of Issue and Claim Preclusion**

The Sixth Circuit has explained that the doctrine of res judicata includes two separate concepts -- issue preclusion and claim preclusion. *Wilkins v. Jakeway*, 183 F.3d 528, 532 (6th Cir. 1999). According to the court, claim preclusion, or "true res judicata," refers to "'the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit.'" *Id*. (quoting *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). To establish claim preclusion, a litigant must show the following four elements: (1) a final decision on the merits; (2) a subsequent action between the same parties or their privies; (3) an issue in a subsequent action which should have

4

been litigated in the prior action; and (4) an identity of the causes of action. *Id*.

"Claim preclusion bars not only relitigating a claim previously adjudicated, it also bars litigating a claim or defense that should have been raised, but was not, in the prior suit." *Notredan, LLC v. Old Republic Exchange Facilitator Co*., 875 F. Supp.2d 780, 786 (W.D. Tenn. June 21, 2012) (*citing Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003)). "The central purpose of claim preclusion is to prevent the relitigating of issues that were or could have been raised in [a prior] action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981).

"Issue preclusion, or collateral estoppel, holds that '"once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."' *Hickman v. Commissioner of Internal Revenue*, 183 F.3d 535, 537 (6th Cir. 1999) (quoting *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979)). Issue preclusion requires a litigant to establish the following four elements: (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation; (2) the issue must have been actually litigated and decided in the prior action; (3) the issue must have been necessary and essential to a judgment on the merits in the prior litigation; and (4) the party to be estopped was a party to the prior litigation or in privity with such a party. *Id*.

### C. Failure to State a Claim Under Which Relief Can be Granted

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibovv. Allen*, 411 F.3d 712, 716 (6th Cir.

2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id*.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). In order to preclude dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Services, Inc.*, 135 F. 3d 389, 406 (6th Cir. 1998).

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Supreme Court has clarified the Twombly standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint that pleads facts "'merely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id*., (*quoting Twombly*, 550 U.S. at 557 *(internal brackets omitted)*).

When ruling on a defendant's motion to dismiss, the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). The court should allow "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. However, a "plaintiff's obligation to provide the

6

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id*. at 555. "'[A] legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted), and mere recitation of the elements of a cause of action "or an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While the court must accept "as true all non-conclusory allegations in the complaint," *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), it does not have to accept unsupported legal conclusions. *Iqbal*, 556 U.S. at 678.

In order to survive a motion to dismiss, a Complaint must state a plausible claim for relief. *Id.* at 680 (citations omitted). Thus, where a complaint states no more than conclusions, such "are not entitled to the assumption of truth." *Id.* While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.*

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers and should therefore be liberally construed." *Williams v. Curtin*, 631 F. 3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life. Ins. Co*., 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas*., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all

potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

### D. The Case at Bar

As an initial matter, Defendant is immune from suit for Plaintiff's claim that Defendant violated the WARN Act. Because Plaintiff's claim is against Defendant in his official capacity, this suit is against the state, not the individual. *Will v.* 491 U.S. 58 at 71. Federal courts cannot assume that a state has waived its sovereign immunity unless: (1) the state has explicitly done so, or (2) there are such overwhelming implications from the text of the statute at issue as to "leave no room for any other reasonable construction." *Edelman*, 415 U.S. at 673. Plaintiff claims that Defendant violated the WARN Act by not providing him with earned pay. However, the WARN Act does not contain language that can be construed as a specific intent to submit the State of Tennessee to federal court jurisdiction, nor does the WARN Act have such overwhelming implications as to leave no room for any other reasonable construction. WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT, 1988 Enacted S. 2527, 100 Enacted S. 2527, 102 Stat. 890; *See also Feeney*, 495 U.S. 299 at 306 (1990) (requiring that a state's intent to waive Eleventh Amendment immunity "must specify the State's intention to subject itself to suit in federal court"). Thus, because this claim is against Defendant in his official capacity and this court cannot assume that the State of Tennessee has waived its sovereign immunity, Defendant is immune from this suit.

Further, Plaintiff has previously brought and appealed a claim against Defendant, in his official capacity, for failing to pay Plaintiff for the 2015 state-modified Columbus Day holiday,

8

alleging a violation of Tenn. Code Ann. § 4-4-105. *Arnold v. Oglesby*, No. M2019-01881-COA-R3-CV, 2020 Tenn. App. LEXIS 344 (Ct. App. July 30, 2020). The Tennessee Court of Appeals included a summary of the Plaintiff's issue – as well as a background of the relevant facts – as follows:

> Plaintiff states that he was required to work on Columbus Day, October 12, 2015. Code § 4-4-105 provides that, "The governor may, at the governor's discretion, substitute the Friday after the fourth Thursday in November, which is Thanksgiving Day, for the legal holiday that occurs on the second Monday in October, which is Columbus Day, for purposes of closing state offices only." Plaintiff's employment with the State of Tennessee was terminated on November 24, 2015, three days before the day on which the Columbus Day holiday was substituted. Plaintiff claims that, upon his termination, he was not compensated for the work he performed on Columbus Day, October 12, 2015.

*Id*. at 3.

Plaintiff described the proceedings of that claim in his Response to Defendant's Motion to Dismiss:

> The Plaintiff's claim to unpaid wages was not disputed in a brief to the Nashville and Davidson County General Sessions Court in the year 2016. The Defendant, by and through the State of Tennessee Attorney General and Reporter, claimed the defense of sovereign immunity. In the civil action Edward Ronny Arnold v. Bob Oglesby et al., M2017-00808 (Tenn. Ct. Ap. 2017), the Court's opinion was the Defendant was not acting on the authority of the state in withholding earned wages. **The civil action was remanded back to the trial Court to which the Trial court ruled the Plaintiff was not entitled to earned wages based on the last working date of Administrative Leave with Pay, November 24, 2015**.
>
> In this proceeding held September 11, 20198, three witnesses were not allowed to testify.
>
> The decision of the trial court was appealed as the issue of the Defendant's requirement to comply with the stated last work date of the WARN notice was not addressed. **In this case, the state courts have ruled the last work date of the Administrative Leave with Pay, November 24, 2015, supersedes the last work date of the WARN notice, November 25, 2015.**

Docket No. 9, p. 14 (emphasis added).

In the case at bar, Plaintiff seeks post-termination holiday pay for Thanksgiving (November

9

26, 2015) and state-modified Columbus Day (November 27, 2015), alleging that Defendant is attempting to circumvent the requirements of the WARN Act by using November 24, 2015 as Plaintiff's last date of employment instead of November 25, 2015. Docket No. 1, p. 4, 7. Plaintiff's claim for post-termination pay for the State-modified Columbus Day is barred by the doctrine of issue preclusion. Issue preclusion requires a litigant to establish the following four elements: (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation; (2) the issue must have been actually litigated and decided in the prior action; (3) the issue must have been necessary and essential to a judgment on the merits in the prior litigation; and (4) the party to be estopped was a party to the prior litigation or in privity with such a party. *Hickman*, 183 F.3d 535 at 537.

    Here, the issue of post-termination holiday pay for the State-modified Columbus Day was the issue of subsequent litigation and is identical to that resolved earlier litigation. This claim was resolved when the "[t]rial court ruled the Plaintiff was not entitled to earned wages based on the last working date of Administrative Leave with Pay, November 24, 2015." Docket No. 9, p. 14. The issue of whether Defendant is using the correct date to determine post-termination payment was also resolved when the court "ruled the last work date of the Administrative Leave with Pay, November 24, 2015, supersedes the last work date of the WARN notice, November 25, 2015." *Id.* Further, the Tennessee Court of Appeals affirmed the trial court's ruling and both the Tennessee Supreme Court and Supreme Court of the United States declined to grant certiorari. *Arnold*, LEXIS 344 at 13; Docket No. 6-3; Docket No. 6-4. According to the Plaintiff, both issues were necessary and essential to a judgment on the merits in the prior litigation and were actually litigated and decided in the prior action. Docket No. 9, p. 14. The party to be estopped (Plaintiff) is the same party from the prior litigation. Docket No. 1, p. 4. Thus, even if Defendant was not immune from

10

this suit, the issue of the post-termination holiday pay for the State-modified Columbus Day of 2015 is barred by the doctrine of claim preclusion.

Moreover, the issue of the post-termination holiday pay for Thanksgiving of 2015 is barred by the doctrine of claim preclusion. To establish claim preclusion, a litigant must show the following four elements: (1) a final decision on the merits; (2) a subsequent action between the same parties or their privies; (3) an issue in a subsequent action which should have been litigated in the prior action; and (4) an identity of the causes of action. *Wilkins*, 183 F.3d 528 at 532. As discussed above, Plaintiff previously sued Defendant in state court and is suing him again in a matter arising from the same facts. Plaintiff's claim seeking pay for Thanksgiving (November 26, 2015) should have been litigated in the prior action, when Plaintiff litigated a claim for pay on the following day (November 27, 2015). Thus, Plaintiff's claim for post-termination holiday pay for Thanksgiving of 2015 is barred by the doctrine of claim preclusion.

Because Defendant is immune from suit and Plaintiff's claims are barred by the doctrines of claim and issue preclusion, this Court need not address Defendant's Motion to Dismiss under Rule 12(b)(6).

### III. CONCLUSION

For the foregoing reasons, the undersigned finds that Plaintiff's claims are barred by the doctrines of claim and issue preclusion. The undersigned therefore recommends that the Mr. Oglesby's Motion to Dismiss (Docket No. 5) be **GRANTED** and Plaintiff's Complaint be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen

(14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. ' 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**